Van Brunt, P. J., and Brady, J., concurred.

Order reversed, with costs.

---

THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, *v.* JEREMIAH W. DIMICK, Appellant.

*Liability of a property owner to indemnify a municipality against a claim for injuries caused by ice existing in a street through the negligence of the former — when the complaint of the city sufficiently alleges that it had notice of the defect — the owner and city are not, in such case,* in pari delicto.

The complaint in this action alleged that the defendant was the owner of certain premises in the city of New York, upon which he constructed and maintained a pipe which gathered water from the roof and discharged it upon the front sidewalk where it was allowed to become frozen in large and irregular masses, by reason whereof one Koerner, without any negligence on his part, slipped and fell and broke his leg; that thereafter the said Koerner sued the plaintiffs "to recover from them the damages suffered by him, as aforesaid, caused by the dangerous condition of the sidewalk;" that the plaintiffs defended the action, but a verdict was rendered therein against them, the amount of which, together with the costs, the plaintiffs subsequently paid.

The defendant demurred to the complaint on the ground chiefly that it did not allege that there was any negligence on the part of the city sufficient to enable Koerner to maintain his action against it.

*Held,* that certain facts were set forth in the complaint which necessarily implied that the city had sufficient notice to make it legally liable, namely, that the injured person brought an action against the city of New York to recover damages suffered by him and caused by the dangerous condition of the sidewalk; that the suit was defended, and that a verdict was rendered against the city, which it paid.

That as such a result could have been reached only upon proof which would charge the municipality with notice of the obstruction which caused the accident, it would be inferred from such facts that the city had such notice.

When a municipal corporation, without any wrong-doing on its part, and where its negligence is constructive rather than actual, has been compelled to pay damages to a person injured by an obstruction in the street caused by the negligence of another, it may recover such damages from the person who negligently created such obstruction.

In such cases the municipal corporation and the person whose negligence occasioned the accident are not *in pari delicto,* and the rule that one wrong-doer cannot maintain an action against another to recover damages incurred in consequence of their joint offense does not apply.

APPEAL from an interlocutory judgment overruling a demurrer interposed to the complaint.

*J. Hampden Dougherty,* for the appellant.

*Thomas D. Wickes* and *Henry B. Twombly,* for the respondent.

BARTLETT, J. :

The complaint in this action alleges that the defendant was the owner of certain premises in the city of New York, upon which he constructed and maintained a pipe or leader which gathered water from the roof and spouted it upon the front sidewalk; that this pipe was maintained by the defendant without due care or proper protection, and was allowed to become and remain out of repair, and was a public nuisance; that water spouted therefrom upon the public highway in front of the premises for such a length of time that it became frozen in large and irregular masses, by reason whereof one Richard Koerner, without any negligence on his part and solely in consequence of the accumulation of ice which rendered the highway dangerous, slipped, fell and broke his leg, and sustained great bodily injuries; that thereafter the said Richard Koerner sued the plaintiffs herein " to recover from them the damages suffered by him as aforesaid, and caused by the dangerous condition of the sidewalk;" that these plaintiffs defended themselves in said action, but a verdict was rendered therein against them, and a judgment was entered for $2,766 damages and costs, which the plaintiffs subsequently paid; and that the defendant herein has paid nothing on account of the matters aforesaid, although the plaintiffs have demanded payment from him.

The defendant demurs to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. He

relies chiefly upon the point that the complaint is defective in omitting to allege or admit that there was any negligence on the part of the city sufficient to enable Koerner to maintain his action. To render a municipal corporation responsible for injuries resulting from the accumulation of ice or snow in the highway, it must appear that it has negligently suffered the obstruction to remain after actual or constructive notice of its existence. (*Taylor* v. *City of Yonkers*, 105 N. Y., 202.) There is no express allegation in the complaint that the city had any such notice of the existence of the construction in front of the defendant's premises as would warrant the imputation of negligence in permitting it to be upon the highway. To show that this defect is fatal, the appellant cites the case of *Fahey* v. *Town of Harvard* (62 Ill., 28) where a person dug a pit in a street, into which another fell in the night-time and sustained injuries. When sued by the latter, the town settled the claim before judgment and without notice to the person by whom the pit was dug. The town then brought an action against the creator of the nuisance to recover the amount which it had paid to the injured person. On demurrer, the declaration in this suit was held to be bad, there being no allegation that the town had notice of the nuisance and no facts being alleged from which notice might have been inferred or implied. In the case at bar, however, certain facts are set out in the complaint which necessarily imply that the city had sufficient notice to make it legally liable. It is averred that the injured person brought an action against the mayor, aldermen, and commonalty of the city of New York to recover from them the damages suffered by him and caused by the dangerous condition of the sidewalk primarily due to the present defendant's negligence, and that the suit was defended and such proceedings were had that a verdict was rendered against the city, which it paid. Such a result could have been reached only upon proof which charged the municipality with notice of the obstruction which caused the accident, and the allegation that it was reached not only justifies, but requires the inference that the city had such notice. We think this was sufficient.

While thus insisting that the complaint is defective because it contains no express allegation showing that the city was at fault, the defendant proceeds to argue, in substance, that even if such an

averment were inserted it would not make the complaint good, because it would show that the city and the defendant were joint wrong-doers, and hence one could not have indemnity or contribution from the other.

When a municipal corporation, without any wrong-doing on its part, has been compelled to pay damages to a person injured by obstructions in the street caused by the negligence of another, it may recover such damages from the person who negligently created the obstruction. (Dillon on Mun. Corp., § 1035 ; approved in *Catterlin* v. *City of Frankfort*, 79 Ind., 547 ; *Village of Port Jervis* v. *First National Bank*, 96 N. Y., 550, and cases therein cited.) In such cases the municipal corporation and the person whose negligence occasioned the accident are not in *pari delicto*. (*Lowell* v. *Boston and Lowell Railroad Corporation*, 23 Pick. 24.) Hence the rule that one wrong-doer cannot maintain an action against another to recover damages incurred in consequence of their joint offense, does not apply. This is very clearly shown by the well considered opinion of the Supreme Judicial Court of Massachusetts in the case last cited. Where the parties are not equally to blame it is declared not to be against the policy of the law to inquire into the relative delinquency of the parties and to administer justice between them. Such a course is manifestly just where the negligence of one of the parties, as in the present case, is constructive rather than actual.

The interlocutory judgment should be affirmed, with costs, but with leave to the defendant to plead over on the usual terms.

VAN BRUNT, P. J., and MACOMBER, J., concurred.

Judgment affirmed, with leave to defendant to plead over on the usual terms.