LARKIN COMPANY, Appellant, *v.* TERMINAL WAREHOUSE COMPANY, Respondent.

*Larkin Co.* v. *Terminal Warehouse Co.*, 161 App. Div. 262, affirmed.
(Argued October 22, 1917; decided November 13, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered March 23, 1914, affirming a judgment in favor of defendant entered upon an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint. The action was brought by the plaintiff against the defendant, its landlord, to recover the sum of $4,060 paid by the plaintiff to the estate of one William Grosser, an employee of the plaintiff, killed by falling from an elevator in a warehouse building owned by the defendant and leased to various tenants, of which the plaintiff was one, together with the fee paid by the plaintiff to its attorney in connection with said settlement. The ground alleged by the plaintiff for recovery against the defendant was that the elevator was negligently maintained by the defendant.

*Paul Armitage* and *Henry D. Donnelly* for appellant.

*Bertrand L. Pettigrew* and *Walter L. Glenney* for respondent.

Judgment affirmed, with costs, on opinion of LAUGHLIN, J., below.

Concur: HISCOCK, Ch. J., COLLIN, HOGAN and CARDOZO, JJ. Dissenting: CHASE, J. Not sitting: McLAUGHLIN, J.

CRANE, J. (dissenting). I cannot agree with the decision in this case and for the following reasons.

The defendant lessor having retained possession and control of the elevator in its loft building was bound to maintain it in a reasonably safe condition and comply with all ordinances and building regulations relating thereto. It is conceded that the elevator was improperly constructed and negligently maintained. In consequence an employee of the plaintiff, a tenant on the fourth floor, was killed. After action brought by the repretatives of the deceased against the plaintiff for negligence in furnishing its servant with an unsafe place to work a settlement was made for a reasonable amount

which the employer seeks to recover in this action from its landlord whose negligence created the condition.

It is said that this plaintiff was *in pari delicto* and cannot recover. The lessee had no control over the elevator and could not reconstruct or repair it. The only wrong charged against it is in having leased the premises at all, knowing the conditions. This is not such a participation in the primary wrong as to make the tenant equally guilty in the landlord's neglect. The authorities support this statement.

The leading case gives the rule as follows: " Our law, however, does not in every case disallow an action, by one wrong-doer against another, to recover damages incurred in consequence of their joint offense. The rule is, *in pari delicto potior est conditio defendentis*. If the parties are not equally criminal, the principal delinquent may be held responsible to his co-delinquent for damages incurred by their joint offence. In respect to offences, in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not inquire into their relative guilt. But where the offence is merely *malum prohibitum*, and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrong-doers." (*Lowell* v. *Boston & Lowell R. R. Corp.* 23 Pick. 32.)

This rule runs through all the cases, expressed in various ways. (*Mayor, etc., of New York* v. *Dimick,* 49 Hun, 241; *Washington Gas L. Co.* v. *Dist. of Col.,* 161 U. S. 316, 327; 6 R. C. L. p. 1054, 1055; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214; *Scott* v. *Curtis,* 195 N. Y. 424; *Churchill* v. *Holt,* 127 Mass. 165; *Oceanic S. N. Co.* v. *Compania T. E.,* 134 N. Y. 461.)

The plaintiff's complaint should not have been dismissed as sufficient facts appeared to warrant submission of the case to the jury.