METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.* UNION INDEMNITY COMPANY, Defendant.*

Supreme Court, Monroe County, November 12, 1929.

*Sutherland & Dwyer [Eric P. Smith* of counsel], for the plaintiff.

*Claude T. Taggart,* for the defendant.

CUNNINGHAM, J. Judgments in the Supreme Court were recovered against Joseph Jacobs and Jacob De Ryke in actions brought by an infant and the father of the infant to recover for personal injuries sustained by such infant and caused by the negligence of the defendants in those actions while operating motor vehicles. De Ryke is insolvent and unable to pay such judgments.

The plaintiff had insured Joseph Jacobs against liability for such personal injuries and a similar policy had been issued by the defendant to Jacob De Ryke. The plaintiff's liability was limited to the sum of $5,000 and it paid that amount, together with taxable costs, upon the judgments recovered in such actions and now seeks to compel contribution from the defendant.

* Affd., 229 App. Div. 827; 255 N. Y. 591.

Section 211-a of the Civil Practice Act permits one joint tort feasor who has paid a judgment recovered against him and others to recover from the other joint tort feasors their *pro rata* shares of such judgment.

The plaintiff having paid the judgment recovered against its insured became subrogated to his rights and entitled to any remedy that the assured might have pursued if he had paid the judgment himself. (*Ocean A. & G. Corp.* v. *Hooker E. Co.*, 240 N. Y. 37.)

So that the question to be decided here is whether Jacobs could have paid the judgment and recovered a proportionate share from the insurer of his joint tort feasor.

When the judgment has been recovered against a person who is insured against loss by reason of liability therefor, and he has become insolvent and unable to pay, it has been held that he has suffered no loss and that the insurer is released. (*Coleman* v. *New Amsterdam Cas. Ins. Co.*, 247 N. Y. 271.)

To afford protection to a person injured through the fault of another who was insured against liability, section 109 of the Insurance Law was enacted providing in effect that the insolvency of a person protected by liability insurance did not release the insurance carrier, and also providing that in case of such insolvency " the injured person " who had recovered judgment against the assured might maintain an action against the insurance corporation to recover the amount of such judgment, not exceeding the limit of the policy.

This statute, being in derogation of the common law, will be strictly construed. (*Adams-Flanigan Co.* v. *Di Donato*, 180 App. Div. 342; affd., 228 N. Y. 542.)

Previous to 1928 one joint tort feasor could not compel contribution from another when both were equally guilty of wrong. (*Larkin Co.* v. *Terminal Warehouse*, 161 App. Div. 262; affd., 221 N. Y. 707; *New York Consolidated R. R. Co.* v. *Mass. B. & Ins. Co.*, 193 App. Div. 438; affd., 233 N. Y. 547.)

The right to compel such contribution was given by chapter 714 of the Laws of 1928, adding section 211-a to the Civil Practice Act.

Section 109 was added to the Insurance Law by chapter 524 of the Laws of 1917 and was last amended by chapter 639 of the Laws of 1924.

So that when the amendment to the Insurance Law was made one joint tort feasor could not demand contribution from another. Nevertheless we are asked to hold that this amendment to the Insurance Law applies to a right of action created by a later statute.

" The Legislature may not be presumed to make any innovation

upon the common law further than is required by the mischief to be remedied." (*Psota* v. *L. I. R. Co.*, 246 N. Y. 388, 393.)

It would be a forced construction to decide that section 109 of the Insurance Law applies to a right to maintain an action authorized by a subsequent enactment. It gives a right of action to an "injured person" only. Jacobs, not having received personal injuries, could not have paid the judgment and recovered a proportionate share thereof from the defendant. As plaintiff has no remedies other than those of its assured, it may not maintain this action.

The complaint is dismissed, with costs.