ROYAL INDEMNITY COMPANY, Respondent, v. THE TRAVELERS INSURANCE COMPANY, Appellant.

First Department, May 31, 1935.

Louis P. Galli of counsel [William J. Moran with him on the brief; attorney], for the appellant.

William E. Lyons of counsel [Barnett Cohen, attorney], for the respondent.

MERRELL, J. The plaintiff issued a policy of workmen's compensation insurance to cover the employees of the Mack Engineer-

ing & Supply Company, Inc. The defendant issued to one Marvin R. Lasher its automobile liability policy. On November 12, 1929, when both policies were in full force and effect, four employees of the Mack Company aforesaid were riding in one of the Mack Company's motor vehicles when a collision occurred between said motor vehicle and the motor vehicle owned by Lasher. The said employees elected to accept the benefit provided by the Workmen's Compensation Law and compensation awards were made thereupon against the Mack Company and the plaintiff herein, as compensation insurance carrier. Said awards were thereupon paid to said employees by plaintiff herein. Some time subsequent to the date of the accident, Lasher, the defendant's assured, died. At the time of the accident one Ingles, an employee of Lasher, was operating Lasher's motor vehicle which figured in the collision. The policy of insurance issued by defendant to Lasher by the terms thereof was extended to cover the chauffeur Ingles as an " assured." The plaintiff herein brought suit against Ingles and recovered a judgment and execution thereon was returned unsatisfied. Plaintiff insurance company thereupon brought this present action against the defendant insurance company under section 109 of the Insurance Law in which action judgment was demanded for $32,164.05, with interest from April 23, 1934, which amount is that recovered by the plaintiff against Ingles, and the date being the date of the judgment. The theory upon which the plaintiff brings this action under said section 109 of the Insurance Law is that it became subrogated to the rights and remedies of the four injured employees upon payment of the awards granting compensation. Paragraph thirteenth of the complaint alleges as follows: " That by virtue of the provisions of the policy of insurance issued by the plaintiff to the Mack Engineering & Supply Company, Incorporated, securing compensation to the employees of the latter, as hereinbefore set forth and by virtue of the provisions of the Workmen's Compensation Law of the State of New York, the awards of compensation to the said David Jackson, Robert Vallance, William C. Miller and William Vallance, and the payment thereof as hereinbefore set forth by the plaintiff herein, acted as an assignment to this plaintiff of the causes of action existing in favor of the said David Jackson, Robert Vallance, William C. Miller and William Vallance against the aforesaid Earl Ingles."

Section 109 of the Insurance Law, pursuant to which the present action is brought, provides that upon the return of an execution unsatisfied, the injured person, or, in the case of death, his or her personal representative, may maintain with the same force and effect an action against the company issuing the policy to the person

insured. The appellant cites the case of *Knickerbocker Ice Co.* v. *New York Indemnity Co.* (140 Misc. 654), decided by the Appellate Term, First Department, as an authority in support of its contention that the plaintiff insurance company in this case was not a proper party plaintiff to institute the action under section 109 of the Insurance Law against the defendant. In the *Knickerbocker* case an action was brought by an employer of an injured person against the insurance carrier of the insolvent insured after certain payments had been made by said employer to the State under the Workmen's Compensation Law. The Appellate Term dismissed the complaint in that action in the following *per curiam* opinion: " Section 109 of the Insurance Law (as amd. by Laws of 1924, chap. 639) does not require that policies of liability insurance must indemnify any others than the injured person or his representatives against loss in case of the insured's insolvency. It, therefore, has no application to this claim by the employer of the injured person for indemnification for the payment by the employer to the State of the contributions required by subdivisions 8 and 9 of section 15 of the Workmen's Compensation Law (as amd.)." Shortly thereafter the same question was presented in the case of *Metropolitan Casualty Ins. Co.* v. *Union Indemnity Co.* (141 Misc. 792; affd., 229 App. Div. 827; affd., 255 N. Y. 591). In that case the court held as follows: " To afford protection to a person injured through the fault of another who was insured against liability, section 109 of the Insurance Law was enacted providing in effect that the insolvency of a person protected by liability insurance did not release the insurance carrier, and also providing that in case of such insolvency ' the injured person ' who had recovered judgment against the assured might maintain an action against the insurance corporation to recover the amount of such judgment, not exceeding the limit of the policy.

" This statute, being in derogation of the common law, will be strictly construed. (*Adams-Flanigan Co.* v. *Di Donato*, 180 App. Div. 342; affd., 228 N. Y. 542.) * * *

" It would be a forced construction to decide that section 109 of the Insurance Law applies to a right to maintain an action authorized by a subsequent enactment. It gives a right of action to an ' injured person ' only."

This court in the case of *Commercial Casualty Ins. Co.* v. *New Amsterdam Casualty Ins. Co.* (239 App. Div. 914) unanimously affirmed an order of the court below granting defendant's motion for judgment on the pleadings and thereafter denied leave to appeal to the Court of Appeals (240 App. Div. 811). In that case the complaint alleged that the defendant issued its automobile liability policy to one Roth. The plaintiff had issued a similar policy to one

Gertrude Horn insuring her automobile against accident. The automobile owned by Roth collided with the automobile owned by Horn which resulted in personal injuries to Kate and Louis Schreiber. In actions instituted jointly by the parties against Roth and Horn judgment was recovered. Execution on said judgment was issued against Roth and due to his insolvency was returned unsatisfied. Plaintiff insurance company paid the full amount of the judgment to the Schreibers and received assignments of said judgment. The complaint also set forth the provisions of the policy which defendant had issued to said Roth, which provisions were in conformity with section 109 of the Insurance Law. The defendant insurance company thereupon moved for judgment on the pleadings on the ground that the plaintiff insurance carrier was not the " injured person " and that the assignment of the judgment to the plaintiff did not give the plaintiff any cause of action against the defendant insurance carrier. As stated above, the court at Special Term granted defendant's motion and on appeal to this court the order of the court below was unanimously affirmed. Under the decisions above referred to we think it is clear that the plaintiff could not maintain this action under section 109 of the Insurance Law, which section has been held by this court to be in derogation of the common law and, therefore, must be strictly construed. Therefore, the contention of the respondent that it can maintain this action under section 109 of the Insurance Law in the position of subrogee of the injured person cannot be sustained. Furthermore, the contention of the respondent that under section 29 of the Workmen's Compensation Law it, having paid the compensation awards, is subrogated to the rights and remedies of the injured employees against a third person, not in the same employ, who may have caused the injury for which compensation awards had been made and paid by such insurance carrier, thereby creating a statutory assignment of a personal injury claim in favor of the insurance company, cannot be upheld in view of the clear provisions of section 109 of the Insurance Law under which this action was brought. Therefore, the order so far as appealed from should be reversed, with twenty dollars costs and disbursements, the cross-motion of defendant for judgment on the pleadings dismissing the complaint granted, and the motion of the plaintiff for examination before trial should accordingly be denied.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order so far as appealed from reversed, with twenty dollars costs and disbursements, the motion of plaintiff for examination before trial denied, and the cross-motion of defendant for judgment dismissing the complaint granted.