MARIE BONADONNA, an Infant, by LUCIANO BONADONNA, Her Guardian ad Litem, and Another, Plaintiffs, *v.* THE CITY OF BUFFALO and Others, Defendants.

Supreme Court, Erie County, July 11, 1935.

*Saperston, McNaughtan & Saperston* [*Richard H. Wile* of counsel], for the motion.

*Gregory U. Harmon, Corporation Counsel* [*Bart J. Shanahan, Assistant Corporation Counsel,* of counsel], opposed.

NOONAN, J. The Dormer Estate owns the property at 6–10 Lock street, Buffalo. It was rented to the Gross Machinery Co., Inc., which assumed the responsibility of keeping the sidewalk and the vault and its cover in front of the building in a reasonably safe condition. While walking along the sidewalk in front of the building, Marie Bonadonna, an infant, fell and was injured. She, and also her father, brought actions against all of the above-named defendants for damages. The cases were tried together and Marie Bonadonna secured a verdict for $50 and her father one for $160 against the city of Buffalo and the Gross Machinery Co., Inc. Having paid both of these judgments the Gross Machinery Co., Inc., is seeking a contribution of $105 from the city of Buffalo as its share of the two judgments.

It is claiming this amount under the provisions of section 211-a of the Civil Practice Act, and the city of Buffalo is contesting the

claim on the ground that this section does not affect its right to recover over against the owner of the property, or those responsible for maintaining the sidewalks and vaults, any sum that the city has been obliged to pay as damages.

Therefore, the sole question before the court is whether or not section 211-a of the Civil Practice Act permits the Gross Machinery Co., Inc., to recover from the city of Buffalo one-half of the judgments paid.

The right of a municipality to recover over against the party primarily liable for the negligence has been established so long that it is not now questioned. (4 Dillon Mun. Corp. [5th ed.] § 1720; *City of Rochester* v. *Montgomery*, 72 N. Y. 65; *Trustees of Canandaigua* v. *Foster*, 81 Hun, 150; affd., 156 N. Y. 354; *Village of Port Jervis* v. *First National Bank*, 96 id. 550; *Birchall* v. *Clemons Realty Co., Inc.*, 241 App. Div. 286; *Mayor, etc., of New York* v. *Dimick*, 49 Hun, 241.) This right to recover over is based upon the theory that the tort feasors are not *in pari delicto*, the owner or lessee being actually negligent and the municipality only constructively so. (*Mayor, etc., of New York* v. *Dimick, supra*, citing *Lowell* v. *Boston & Lowell R. R. Corp.*, 23 Pick. 24.)

Before the enactment of section 211-a of the Civil Practice Act it had been the settled law of the State that one of two joint tort feasors who had paid the judgment could not enforce contribution from the one who had not paid. (*Ward* v. *Iroquois Gas Corporation*, 258 N. Y. 124, citing *Peck* v. *Ellis*, 2 Johns. Ch. 131; *Gilbert* v. *Finch*, 173 N. Y. 455, 462.)

If the actions had been brought against the city of Buffalo only, it could, under the authorities cited, recover over against the party legally liable for the condition of the sidewalk, and the actions could have been maintained only against the party responsible for the safe condition of the sidewalk. (*Arnheim* v. *Hecht*, 242 N. Y. 584.)

The distinction between those primarily and secondarily liable and those jointly liable has long been recognized, though the common-law rule as to the latter was harsh and unjust. There is nothing in the section that shows any intention of changing the long-established rule as to those not *in pari delicto*. In *Ward* v. *Iroquois Gas Corporation* (*supra*) the court said: " Section 211-a was enacted to change the common-law rule and permit contribution where a money judgment has been recovered jointly against two or more joint tort feasors, and paid ' in part or in full ' by one or more defendants."

The right to recover over against the party actually negligent would be practically destroyed in all cases where the city and those

primarily liable are made parties defendant if it is held that the city of Buffalo must now pay its one-half of said judgments, and there is nothing in the language of section 211-a to justify the inference that the Legislature intended it to apply to cases where the tort feasors are not *in pari delicto*. Therefore, the motion is denied, without costs.

Enter order.