In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business of the CONCORD CASUALTY AND SURETY COMPANY.

Claim of INDEMNITY INSURANCE COMPANY OF NORTH AMERICA ‑ No. P. I. & P. D. 74.

Supreme Court, Special Term, New York County, July 14, 1937.

*Alfred C. Bennett* [*Irving Waldman* of counsel], for the Superintendent of Insurance, as liquidator.

*James A. Hughes* [*Hobart R. Marvin* of counsel], for the Indemnity Insurance Company of North America, claimant.

LEVY, J. A motion and a cross-motion are made in this proceeding, one to confirm the report of the referee disallowing the claim against the liquidator of Concord Casualty and Surety Company, an insolvent company, and the other to reject it. Claimant itself is a going insurance company and its claim arises fundamentally under the provisions of section 29 of the Workmen's Compensation Law. The claimant issued a workmen's compensation policy to Hart & Early Co., Inc., a company engaged in subway construction. One Martino, an employee of Hart & Early, was struck by an automobile truck owned and operated by Covino Co., Inc. The latter carried general liability insurance in the Concord Company, the insurer in liquidation. The claimant paid $7,036.86 as compensation to the injured person pursuant to the Workmen's Compensation Law and was consequently subrogated to the rights of Martino against Covino under section 29 of that statute. The claimant began the action against Covino in the Supreme Court and the Concord assumed the defense of the action. While it was awaiting trial, Concord went into liquidation. The claimant filed a claim in these liquidation proceedings and it was allowed in the sum of $5,000, subject to the approval of the court.

But prior to such approval a decision was handed down by the Appellate Division in the case of *Royal Indemnity Co.* v. *Travelers Ins. Co.* (244 App. Div. 582) which caused the liquidator to withdraw the recommendation of the allowance of the claim and to

suggest that it is denied. The matter was then referred by the court to a referee, who has reported adversely to the claimant.

The main issue in the case is one of law involving the statutory right to assert the claim. The minor issue as to whether or not there has been such a settlement or accord and satisfaction as to bar the liquidator from withdrawing his previous approval is not seriously urged. On the merits that minor issue would have to be decided against the claimant, more particularly because, as the referee points out, it may still proceed to have the action in the Supreme Court against Covino restored to the calendar for proper disposition.

The liquidator in originally recommending the allowance of the claim proceeded under the authority of section 109 as read in connection with section 425 of the Insurance Law. The first-mentioned section gave an injured person a right to proceed against the insurer of the offending party if judgment was recovered against the tort feasor. To prevent serious prejudice to the injured party by reason of the insolvency of the insurer during the pendency of the cause of action and prior to the recovery of judgment, section 425, subdivision 4, granted such person a " right to file a claim * * * regardless of the fact that such claim may be contingent * * * provided (a) that it might reasonably be inferred from the proof presented upon such claim that such person would be able to obtain a judgment, upon such cause of action against such insurer."

Under section 109 of the Insurance Law, Martino, to whom workmen's compensation had been paid, could undoubtedly have brought an action against the Concord Casualty Company if he had not collected workmen's compensation, and on the failure of the Concord during the pendency of the action, he could have filed his claim under section 425, subdivision 4, of that statute against the insolvent insurer. This right, however, did not inure to the benefit either of Martino's assignee or, as in the instant case, his own subrogated insurer, the claimant here. This was the effect of the decision in the *Royal* case (*supra*).

The claimant, nevertheless, seeks an allowance of its claim, independently of section 109, under section 425, subdivision 4. For the sake of regarding its claim in the most favorable light under that provision, I shall assume that section 425, subdivision 4 (a), as amended in 1936, rectified an obvious typographical error by changing the word " insurer " to read " insured." Under that language it would seem that where a claim existed against an insured, it might be proved against the insolvent insurance company, even though it had not yet been reduced to judgment. The

difficulty with this interpretation is that it would seem to give rights against an insurance company in liquidation which could not be enforced against the company as a going concern. As we have seen, the claimant could not prevail in an action against a solvent insurance company under section 109. (*Royal Indemnity Co.* v. *Travelers Ins. Co., supra.*) This being so, on what basis can it be held that it should be permitted to recover against the same company in liquidation? In order to so decide, it would require an unusually liberal construction of section 425 beyond its seeming intent. That section must be interpreted consistently with the meaning of section 109 so far as this type of case is concerned.

The motion to confirm the report is granted and the cross-motion to reject is denied. Settle order.