ANTHONY LA GUMINA, Plaintiff, *v.* CITIZENS CASUALTY COMPANY OF NEW YORK, Defendant.

City Court of New York, Special Term, New York County, October 18, 1943.

*Harold Davis* for defendant.

*Reginald V. Spell* for plaintiff.

KELLER, J. Defendant moves to dismiss the complaint under rule 106 of the Rules of Civil Practice.

The plaintiff and one Rabin were codefendants in a personal-injury action brought by one Kaplan, who recovered a judgment in said action against both defendants for the sum of $1,000 and costs. The plaintiff paid the judgment and thereafter entered a judgment for contribution against Rabin under section 211-a of the Civil Practice Act. Rabin did not pay that judgment and the present action was thereupon instituted by plaintiff, against Rabin's insurer, on the theory that section 167 of the Insurance Law is applicable.

It has been held that former section 109 of the Insurance Law, the predecessor statute of the present section 167, applied only in favor of " injured plaintiffs "; that it afforded no protection to a joint tort-feasor seeking to collect a judgment for contribution (*Jackson* v. *Citizens Casualty Co.*, 277 N. Y. 385, 390, 391; *Royal Indemnity Co.* v. *Travelers Ins. Co.*, 244 App. Div. 582, affd. 270 N. Y. 574).

I do not find that when section 167 of the Insurance Law was enacted, a change was made bringing a joint tort-feasor claiming contribution within the scope of the statute. The minutes of a public hearing held on November 18, 1938, before the Joint Legislative Committee For the Recodification of the Insurance Law indicate that serious consideration was given to the insertion of the following provision in the statute: " or in an action to recover contribution or indemnity with respect to injury to person or property which occurred during the life of the policy or contract ". As the minutes show, this provision, which would have applied to plaintiff, was originally inserted in the proposed statute at the instance of Dean Smith of the Columbia University Law School, but was deleted from the bill before its enactment.

Section 167 of the Insurance Law does not give a right of action to a joint tort-feasor claiming contribution. The " judgment " to which paragraph (b) of subdivision 1 of section 167 relates is a judgment obtained by the injured party " in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract ". There is no evidence that the Legislature intended the reference in subdivision 1 of the statute to " judgment creditors " to relate to one who has obtained a judgment for contribution against a joint tort-feasor. The evidence is to the contrary, for the proposed provision specifically giving a right of action against the insurer to such a judgment creditor failed of passage.

The motion to dismiss the complaint is granted.

Order signed.