GOOD NEIGHBOR FEDERATION, Plaintiff, *v.* PATHE INDUSTRIES, INC., et al., Defendants.

Supreme Court, Trial Term, New York County, June 12, 1952, amended decision, June 17, 1952.

*Richard H. Tunstead* for plaintiff.

*F. Matthew Buerman* for Pathe Industries, Inc., defendant.

*Norman Behr* for Diesel Electric Company, Inc., defendant.

*Oscar A. Thompson* for MacArthur Concrete Pile Corporation, defendant.

FRANK, J. The problem posed here is the disposition of a cross complaint by the defendant Pathe Industries, Inc., against the defendant Diesel Electric Company following the rendition of a verdict in favor of the plaintiff against both defendants. By stipulation, the determination of the cross complaint was left to the court. The plaintiff sought to recover damages against both these defendants and a third defendant, MacArthur, for negligence. For convenience, the parties will be referred to by the first word in their respective names.

The defendant Pathe was the owner of property, adjacent to plaintiff's, upon which excavation work and pile driving were done preparatory to the erection of a large structure. Diesel was the so-called general contractor. MacArthur, under a written contract, performed the driving of piles upon which the foundation was erected. Another contractor Breen, not named as a party, did the excavating work.

The plaintiff charged that the defendants negligently supervised, permitted and performed the excavating on Pathe's and on plaintiff's property, and that this excavating and pile driving caused plaintiff's foundation to sag and shift, and caused the walls of its building to crack and settle. It further charged defendants Diesel and Pathe with a violation of section C26–385.0 of the New York City Administrative Code. This provision will be, hereinafter, more fully discussed.

The plaintiff's building was seriously damaged. The verdict, in the sum of $10,000, was rendered against the defendant Diesel and Pathe only, and in favor of the defendant MacArthur. Implicit in this verdict was the finding by the jury that there was no negligence by MacArthur in the performance of its pile driving operations, and that both the owner and the so-called general contractor were negligent and violated a duty imposed by the Administrative Code, in their failure to properly shore and protect plaintiff's building in the performance of the excavating work.

While the contract between Pathe Industries, Inc., and Diesel Electric Company, Inc., purported to be an agreement between

an owner and a general contractor, it was actually one for general supervision with compensation on a fixed fee basis. Although, by its terms, the general contractor was obligated to make subcontracts for the various crafts and trades involved in the construction work, the testimony was uncontradicted that these agreements were made by Pathe, as owner, directly with the subcontractors.

The evidence established that the plans and specifications, which provided for the excavation, were prepared by architects employed by Pathe. It employed an engineer, Duryea, who was present on the job during the entire course of construction, exercised supervision and was consulted on every phase of the work as it progressed. When there were problems or difficulties, Diesel's employees consulted and conferred with Duryea and with a vice-president of Pathe before any decisions were made concerning these matters. When the damage occurred to the Good Neighbor building, and demand was made that shoring be provided to prevent further damage, consultations were had with and approval obtained from these representatives of Pathe, before any of this protective work was undertaken.

No testimony was offered by Pathe to deny or contradict this evidence. Neither its engineer, nor its vice-president in charge, were called as witnesses by Pathe.

Pathe now takes the position that it is entitled to recovery on its cross complaint. It urges that the contract with Diesel is one for indemnification.

This contract provides, in part, that " any cost due to the negligence of the contractor or anyone directly employed by him * * * shall be borne by the contractor * * * (Article 9). * * * If the contractor performs any work knowing it to be contrary to such laws * * *, he shall bear all costs arising therefrom (Article 11). * * * He shall adequately protect adjacent property as provided by law and the contract documents (Article 12)".

These excerpts amply illustrate that the owner is to be indemnified for the negligent acts of the contractor. Nowhere in the document under discussion is there any provision which indemnifies the owner for its own negligence.

By decision, it is the accepted general rule that contracts will not be construed to indemnify a person against his own negligence unless such intention is expressed in unequivocal terms. (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36; *Employers' Liability Assur. Corp.* v. *New York Linen Supply*

& Laundry Co., 239 N. Y. 560; Manhattan Ry. Co. v. Cornell, 130 N. Y. 637; Employers' Liability Assur. Corp. v. Post & McCord, 286 N. Y. 254.) The verdict of the jury finding both defendants culpable is not determinative of the question of liability as between themselves where, as here, that proposition was not submitted to the jury. (Tipaldi v. Riverside Memorial Chapel, 273 App. Div. 414, 418, affd. 298 N. Y. 686.)

Since it must be held that the agreement between the defendants contained no such express covenant, the right of Pathe to such indemnity is controlled by common-law principles.

Whether the trend of judicial pronouncement and legislative enactment has extended the responsibility of participants in tortious acts or failures; and whether the line of demarcation, in the general classification of negligence as active or passive is being obliterated, is not here involved. Nevertheless, the industrious and sincere efforts of counsel to illuminate such distinction merit some comment.

It would appear that both the appellate courts and this court give substance to the theory as expressed by the late Mr. Justice SHIENTAG, in his Charles Evans Hughes Memorial lecture: " the trend in the law of torts today is that the ethical quality of the defendant's act is the measure of liability, not just the final act done". Thus the Court of Appeals affirmed the dismissal of a cross complaint of an owner against an independent contractor where the owner permitted a dangerous condition, created by the contractor, to remain (Sheffield v. Yager, 287 N. Y. 604).

To saddle the entire responsibility upon the creator of the danger and relieve one who supinely acquiesces would give the latter an unconscionable advantage and place a premium upon the failure to act, when the obligation to do so exists. (Falk v. Crystal Hall, 200 Misc. 979, affd. 279 App. Div. 1071, 1073; Adams v. Brell Constr. Corp., 110 N. Y. S. 2d 682, 687; Blousman v. Weil, 275 App. Div. 384.)

The decisions submitted by Pathe to support its claim for judgment over, appear to draw the distinction between active and passive negligence as the criterion. Careful study, however, will disclose that the distinction made is based on the determination as to whether the parties are in pari delicto rather than merely particeps criminis. The distinction is vital (Black's Law Dictionary, [3d ed.]). The former includes the latter. Not so is the converse.

Whether these defendants are joint tort-feasors in pari delicto must be decided upon the established facts. The language of

the pertinent section of the Administrative Code is cogently significant. It provides: " Whenever an excavation is carried to a depth of more than ten feet below the curb, the person who causes such excavation to be made shall, * * * at all times and at his own expense, preserve and protect * * * any structure ". (Administrative Code, § C26–385.0.)

Pathe is thus chargeable with the knowledge of this requirement that " the person who causes such excavation to be made " shall protect the adjoining structure.

The Administrative Code of the City of New York is and has the same force as a statutory enactment (*Chotapeg, Inc.* v. *Bullowa,* 291 N. Y. 70). One of the proximate causes of the damage to plaintiff's property was the failure to comply with this statutory provision. This was a primary and nondelegable duty of Pathe (*Walters* v. *Rao Elec. Equipment Co.,* 289 N. Y. 57, 61). Added to this statutory duty, was its assumption of supervision by the employment of an engineer to perform that function, and its entry into contracts directly with those performing specific parts of the entire construction operation. It is of some significance, too, that had the shoring and underpinning been done, the cost would have been borne by Pathe. Money wise, Diesel had nothing to gain by its failure to comply with the code provision.

Whether failure to obey a statutory mandate constituted active negligence, or whether the failure to properly supervise the excavating operation was passive negligence, is of little moment. Here, both defendants failed to properly supervise the excavating. Both neglected to provide shoring and underpinning for plaintiff's structure. Both disregarded the duty imposed by the Administrative Code. The fault of these defendants is exactly equivalent. Each, in its failures, was equally ineffective to prevent damage to the plaintiff (*Scott* v. *Curtis,* 195 N. Y. 424).

Upon the proven facts, these defendants were not merely joint tort-feasors, not simply *particeps criminis;* but stood in such absolute parity of position in the failure to fulfill the duty which each owed to the plaintiff that they were *in pari delicto.* Under such circumstances, there can be no recovery over by Pathe from Diesel (*Larkin Co.* v. *Terminal Warehouse Co.,* 161 App. Div. 262, affd 221 N. Y. 707; *Secor* v. *Levine,* 273 App. Div. 899).

The cross complaint is dismissed upon the merits. Judgment may be entered accordingly. Thirty days' stay and sixty days to make a case.

(Amended decision, June 17, 1952.)

The decision in the above-entitled action is hereby amended to contain the following next preceding the closing paragraph thereof: " The cross complaint of Pathe against MacArthur is hereby dismissed ".