Edward G. Baker. J.
In an action for declaratory judgment and for interpleader pursuant to section 285 of the Civil Practice Act the plaintiff moves for an order permitting the plaintiff to pay into court $17,062.50, the principal balance of moneys it contends remains under a certain policy of insurance issued by it to one Albert S. Hotkins (hereinafter referred to as Hotkins) together with 6% interest on $20,000 from June 6,1955 and one half the costs taxed in a certain judgment. The defendant Leah Rudolph (hereinafter referred to as Rudolph) cross-moves for an order directing that the money be paid to her. The defendant City of New York cross-moves for an order directing that the money be paid to it, or, in the alternative, that the money be deposited into court to its credit or subject to the final determination of the action.
*1028 The plaintiff issued to Hotkins an automobile liability policy limiting its liability to $20,000 for each person injured and $20,000 for all persons injured. Hotkins’ wife was involved in an automobile accident with a bus owned and operated by the City of New York, as a result of which several actions were instituted resulting in verdicts against Hotkins, his wife and the City of New York to the extent of approximately $270,000. Other claims arising out of the accident were asserted against Hotkins which, allegedly, were settled by the plaintiff herein for $2,937.50, prior to the aforementioned verdicts. Both the City of New York and Hotkins separately appealed from the judgment obtained against them by defendant Rudolph. The appeal of the City of New York was prosecuted to conclusion. The Appellate Division ordered the reversal of the judgment and granted a new trial unless Rudolph consented to a reduction of the verdict to $125,000. Rudolph and the City of New York thereafter signed stipulations reducing the verdict to $125,000, as far as the City of New York was concerned (1 A D 2d 962). The appeal by Hotkins, as yet, has not been brought to conclusion.
The plaintiff herein asserts that by reason of defendant Rudolph’s judgment against its assured and by reason of the right of defendant City of New York to contribution against plaintiff’s assured under section 211-a of the Civil Practice Act and the city’s right to enforce contribution from the plaintiff under paragraph (b) of subdivision 7 of section 167 of the Insurance Law, the plaintiff may be exposed to double liability.
Under such circumstances it would appear that the plaintiff is a stakeholder within the definition of paragraph b of subdivision 1 of section 285 of the Civil Practice Act, and is entitled to deposit the moneys into court and to be discharged from all further liability to the extent of the moneys so paid in. The defendant Rudolph’s assertion that the plaintiff is not a stakeholder since the City of New York cannot receive indemnification from the plaintiff out of the fund set up by the insurance policy, is not well taken. The cases cited by Rudolph, (La Gumina v. Citizens Casualty Co., 180 Misc. 877 and Metropolitan Casualty Insurance Co. v. Union Indemnity Co., 255 N. Y. 591), decided prior to the amendment of section 167 by the addition of paragraph (b) of subdivision 7 are no longer applicable. Said subdivision provides: “an action may be maintained by the following persons against the insurer * * * (b) Any person who * * * has obtained a judgment against the insured or his personal representative to enforce a right of contribution or indemnity”.
*1029 It is true that the City of New York has not yet made any payment on account of the judgment against it and, of course, has obtained no judgment in its favor against Hotkins to enforce contribution by him or his insurer. However, paragraph e of subdivision 1 of section 285 of the Civil Practice Act defines a “ claimant ” as “a person who claims or may be reasonably expected to make a claim involving a stakeholder”. (Italics supplied.) While the city is not, as of this moment, in a position to maintain an action against this plaintiff under section 167 (subd. 7, par [b]) it may be reasonably expected that it will take whatever steps are necessary and proper to enable it to do so. The city is a claimant within the meaning of the statute.
Accordingly the plaintiff’s motion is granted and the cross motions denied. Settle order on notice.