Aron Steuer, J.
The complaint alleges that the individual plaintiffs were the owners of 1025 Fifth Avenue. The corporate plaintiff was their agent and general contractor. The defendants were subcontractors on work being done on those premises. In the course of that work a chimney fell causing damage to the adjoining property. The owner of that property, Mary-mount College, brought an action against all of the parties to this action and recovered a judgment of $46,000. Plaintiffs paid the judgment and brought proceedings against each of the two defendants for an order pursuant to section 211-a of the Civil Practice Act, to each pay a proportional share, namely, one third of the judgment. Plaintiffs succeeded on these applications and each defendant paid plaintiffs the requested one third. Plaintiffs now sue for the remaining third. Their first cause of action is against both defendants and their second is against D’Aquilla. The remaining defendant moved to dismiss the first cause of action.
At common law, one joint tort-feasor in pari delicto with another had no right of contribution or indemnity from that other (McFall v. Compagnie Maritime Belge [Lloyd Royal], S. A., 304 N. Y. 314). However, one whose negligence was passive did have an action for indemnity against the active wrongdoer even though as against the original plaintiff both were liable (Burke v. City of New York, 2 N Y 2d 90). So whether or not plaintiffs here have a cause of action depends on whether or not they were active or passive as regards the negligence involved in the suit' brought by Marymount College. Neither the verdict in that case nor the allegations in the college’s pleadings can determine that question and it remains an issue. The only possible exception to this result would come from plaintiffs’ resort to relief under section 211-a of the Civil Practice Act. This section changes the common law by providing for contribution among joint tort-feasors. It does not change the common-law rule about indemnity from an active tort-feasor to one whose role was passive (Bonadonna v. City of Buffalo, 156 Misc. 225, holding that section 211-a may be resisted by proof that the defendant was the passive wrongdoer). Defendant points to certain expressions in the opinion *792 on the section 211-a proceeding as findings that plaintiffs were active wrongdoers. It is, however, evident from the whole opinion (Marymount Coll. v. Abramsen Co., 6 Misc 2d 836) that this question was not before the learned court and he rightfully did not consider it. Expressions equally favorable to plaintiffs can be found.
There is however one consideration in the making of the application under section 211-a and pursuing it to conclusion which is fatal to plaintiffs’ case. While indemnification and contribution depend on different theories, they both evolve from and are a part of the same right. A claimant cannot get both. Contribution is a portion of what, in a proper case, can be recovered by way of indemnity. One who is entitled to indemnity but who only asks for contribution is not seeking his full recovery. He cannot be defeated because he asks for less than what he is entitled to but he can be precluded for splitting his cause of action. It would be entirely proper to demand both indemnity and contribution in the same action upon the theory that if one is not entitled to the greater he is at least entitled to the lesser. But having asked and received the lesser he may not come back and say now he wants the balance to make up the greater. Piecemeal recoveries are not allowed.
The motion is granted.