LLOYD R. MARTINDALE, Plaintiff, *v.* ROBERT JOSEPH GRIFFIN, Respondent, Impleaded with JAMES B. MCENEANY and Another, Appellants.

Fourth Department, November 19, 1931.

*W. Clyde O'Brien*, for the appellants.

*John J. Scully*, for the respondent.

EDGCOMB, J. In this action, brought to recover for personal injuries sustained in an automobile accident, the plaintiff has recovered a judgment for $16,326.50 against the defendants Robert Joseph Griffin, James B. McEneany and James A. McEneany, and the judgment has been satisfied by the payment to the plaintiff of the sum of $15,000, one-half of which has been contributed by the defendant Griffin, and the other half by the two defendants McEneany.

Claiming that his *pro rata* share of said judgment is $5,000, one-third of the total amount paid in discharge thereof, the defendant Griffin moves, pursuant to the provisions of section 211-a of the Civil Practice Act, for a separate judgment against each of his codefendants for the sum of $1,250, that being the amount which the movant asserts is due him from each of the other defendants because of the excess which he has paid over and above his *pro rata* share of said judgment. The motion was granted in the court below and the defendants McEneany appeal.

Whatever right the movant has to be reimbursed for any part of the money paid by him in satisfaction of this joint judgment must be determined by the provisions of section 211-a of the Civil Practice Act. At common law there could be no contribution between joint tort feasors. The above-mentioned section reads as follows:

" § 211-a. Action by one joint tort-feasor against another. Where a money judgment has been recovered jointly against two

or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own *pro rata* share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the *pro rata* share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to pay to any other such defendant an amount greater than his *pro rata* share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice."

The proper decision of this appeal necessitates a reference to the relation of the defendants, and the part which they played in bringing about plaintiff's injuries.

The plaintiff was a passenger in an automobile owned by the defendant James B. McEneany and operated by James A. McEneany. This car collided with one owned and operated by the defendant Griffin. Plaintiff claimed that the accident, and his resulting injuries, were caused solely by the negligence of the drivers of the two motor cars. Recovery was sought against James B. McEneany because he was the owner of the car in which plaintiff was riding, and was, therefore, liable for the negligence of his driver, either because the car was being used in the owner's business, or because it was being driven with his consent, express or implied.

Under such a state of facts, what proportion of the $15,000 paid in satisfaction of this judgment should be borne by the respective defendants? Is the $15,000 to be divided equally between the three defendants, so that the *pro rata* share of each would be $5,000, as claimed by Griffin, or is the former amount to be divided in two parts, and one-half charged against Griffin, and the other half against the two McEneanys, as asserted by them? That is the question to be determined upon this appeal.

Respondent attempts to give to section 211-a of the Civil Practice Act a narrow and literal construction. He argues that where a money judgment has been entered against two or more defendants in an action for personal injuries or damages to property, the *pro rata* share of each defendant is determined solely by the total number of defendants against whom the judgment is entered, no matter what the relation between such defendants may be, or how many separate torts may have concurred to bring about the plaintiff's injuries. Respondent asserts that the statute applies to every defendant against whom the judgment is entered, no matter

on what theory such defendant may have been held liable, rather than to the number of wrongdoers involved in the accident.

We think that this contention puts altogether too strict a construction upon the statute. There is a clear distinction between those who are direct participators in a tort and those who are not, but who are liable to the injured party upon some other theory.

In construing a statute, the purpose and object of the Legislature in its enactment must always be kept in mind, and a fair and reasonable construction adopted, one which will give effect to such purpose.

Section 211-a was added to the Civil Practice Act by chapter 714 of the Laws of 1928. That chapter is entitled, " An Act to amend the Civil Practice Act, in relation to an action by one joint tortfeasor against another." While it is true that the title cannot control nor change the clear and manifest meaning of a statute, yet, if there is any doubt or ambiguity as to its purpose, resort may be had not only to the title, but also to the reason for the passage of the act, to explain any uncertainty in its terms.

In enacting the section in question, the intention of the Legislature to confine contribution to joint tort feasors is apparent. It is manifest from the very title of the section, which was made a part of the section by the very act which created it. The injustice of collecting a judgment from one wrongdoer only, when several had been held equally responsible, had long been obvious, and it was to remedy this situation that the statute in question was passed. It was thought just and proper, where personal injuries or property damage had been occasioned by two or more joint tort feasors and a joint judgment had been rendered against them, that each should be made to pay his proportionate share of the damages which his tort had occasioned.

It is apparent that when the Legislature added section 211-a to the Civil Practice Act it intended that each joint tort feasor, each active participant in the wrong, should pay his proportionate share of the injured party's damage, and that the whole, or a disproportionate part thereof, should not be borne by any one wrongdoer.

There is a clear distinction between a direct participator in the wrong, and one who is liable only because he is responsible for the acts of one of said participators. A master is liable for the tort of his servant, while engaged in the scope of his employment, upon the theory that one who does an act by another does it himself. But in such a case, although both may be liable to the injured party, there is but a single wrong.

In the instant case there were two automobiles involved in the accident, and the negligence of the driver of each brought about plaintiff's injuries. There were but two wrongful acts. Only two parties were guilty of the original negligence — one was the driver of the Griffin car, and the other was the driver of the McEneany car. James B. McEneany personally had nothing to do with the accident. He was guilty of no affirmative act of negligence. It was not sought to hold him liable because he negligently gave permission to a reckless or irresponsible driver to use his automobile. His liability is not based on any participation by him in the negligence of the driver of his car. His responsibility is of a secondary nature. He was held accountable simply because he was the owner of one of the automobiles involved in the collision. It matters not whether he is liable under the doctrine of *respondeat superior*, or by virtue of the provisions of section 59 of the Vehicle and Traffic Law, he is only accountable here because he is responsible for the negligence of the driver of his car, who was an active participant in the wrong which helped to bring about plaintiff's injuries.

It is apparent, therefore, that there were but two joint tort feasors — Griffin, the driver of one car, and James A. McEneany, the driver of the other car. The two McEneanys, James A., the driver, and James B., the owner, who has been held liable here only because he is responsible for the negligence of the driver of his car, must be classed together and considered as one joint tort feasor. Their liability is a consolidated or unified one. Under such circumstances, we think that the proportionate share of plaintiff's judgment which should be borne by the defendant Griffin is one-half of the amount paid, to wit, $7,500, and that the other half should be borne by the two McEneanys.

If we are right in the conclusions which we have reached, the movant is not entitled to contribution; and the judgment of the court below should be reversed.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment reversed on the law, with costs, and motion denied, with ten dollars costs.