CLAIR WOLD, an Infant, by DAVE WOLD, Her Guardian ad Litem, et al., Plaintiffs, *v.* RUBIN GROZALSKY, Respondent, and JENNIE BLINDERMAN, Appellant, Impleaded with Another.

Argued January 26, 1938; decided April 12, 1938.

*George J. Stacy* and *James J. Mahoney* for appellant. A defendant in a personal injury action should not be required to pay as contribution more than his *pro rata* share of the entire judgment, determined by the number of judgment debtors and not by the number of properties owned between them. (*Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124; *Neenan* v. *Woodside Astoria Transportation Co.*, 261 N. Y. 159; *Martindale* v. *Griffin*, 233 App. Div. 510; 259 N. Y. 530.) As defendant-respondent did not pay the original judgment nor any part of it, he is not a real or proper party in interest and has no right to make the motion. (*Metropolitan Casualty Ins. Co.* v. *Union Indemnity Co.*, 141 Misc. Rep. 792; *Ocean Acc. & Guar. Corp.* v. *Hooker Electrochemical Co.*, 240 N. Y. 37; *Connecticut Fire Ins. Co.* v. *Erie Ry. Co.*, 73 N. Y. 399; *Lord & Taylor* v. *Yale & Towne Mfg. Co.*, 230 N. Y. 132.)

*George C. Koch* and *Edward L. Johnson* for respondent. Defendant-respondent is entitled to fifty per cent contribution from the defendant-appellant. (*Martindale* v. *Griffin*, 233 App. Div. 510; 259 N. Y. 530.) Defendant-respondent satisfied plaintiffs' judgment by drafts of his insurance carrier and he, therefore, is a proper party to move, under section 211-a of the Civil Practice Act, for contribution. (*Adams* v. *Book*, 244 App. Div. 646.)

FINCH, J. Where the plaintiff was injured as the result of passive negligence on the part of the owners of adjoining buildings, one of which is owned individually and the other by two owners, does section 211-a of the Civil Practice Act require a contribution by the individual owner to one of the joint owners who has paid the judgment, of one-half or of one-third of the judgment?

The plaintiffs have recovered judgments totaling $1,500 against the defendants in a negligence action. The defendant Blinderman owns a house adjoining the house owned by the defendants Grozalsky and Michaelson.

The infant plaintiff was injured when a flowerpot fell from the top of a common party wall between these buildings. The judgments were recovered against all three defendants on the theory of negligent maintenance. The defendant Grozalsky caused the judgments to be paid through his insurance company. Then, pursuant to section 211-a of the Civil Practice Act, he moved against Blinderman for contribution of one-half, that is, $750. The motion was granted and judgment entered thereon has been unanimously affirmed. Leave to appeal was granted by this court.

Section 211-a of the Civil Practice Act reads as follows:

" § 211-a. Action by one joint tort-feasor against another. Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant *who has paid more than his own pro rata share* shall be entitled to contribution from the other defendants with respect to the excess so paid *over and above the pro rata share* of the defendant or defendants making such payment; provided, however, that *no defendant shall be compelled to pay to any other such defendant an amount greater than his pro rata share of the entire judgment.* Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice." (Italics interpolated.)

In *Ward* v. *Iroquois Gas Corp.* (258 N. Y. 124) we held that this statute changed the common law rule, and permitted the enforcement of contribution between joint tort feasors, but we did not decide what the amount of contribution should be. The appellant contends that, since the judgments were obtained against all the defendants, her " *pro rata* " share should be one-third, that is, $500. We have held, however, that this purely mechanical or arith-

metical method of arriving at the *pro rata* share by dividing the amount of the judgment by the number of persons against whom it has been obtained, will not be followed where the result is substantially inequitable. In *Martindale* v. *Griffin* (233 App. Div. 510; affd., 259 N. Y. 530) the plaintiff was injured as the result of a collision between an automobile in which he was a passenger and another automobile. He recovered judgment against the driver, who was also the owner of one of the automobiles, and against both the driver and the owner of the other automobile. Nevertheless, the driver-owner who had paid the judgment was permitted a contribution of only fifty per cent against both the driver and the owner of the other car. Whether or not this case is distinguishable on its facts, it does establish the principle that the determination of the *pro rata* share to be contributed involves more than a mechanical division among the number of defendants.

To divide the amount of the judgments among the number of defendants in the case at bar also would work injustice. The negligence was passive, not active. The liability arose out of the ownership of the houses. Under such circumstances it is inequitable to saddle the owners of one house with two-thirds of the judgment and allow the owner of the other house to escape with payment of only one-third. The unfairness of such a decision becomes more evident if we consider a hypothetical case. Suppose one of the houses was owned by nine persons. Should these owners of one house be required to pay ninety per cent of the judgment while the owner of the other house pays only ten per cent?

A different situation may exist where the defendants are guilty of active negligence or misfeasance. In such a case the liability would arise out of their own negligent acts and not through ownership, and contribution according to the number of defendants against whom the judgment is obtained may be the fair and proper method. In the case at bar, however, the negligence was passive, and the

only fair method of contribution is to apportion according to the ownership, and have the owners of each house pay fifty per cent.

One other point is raised. It is argued that, since Grozalsky did not actually pay the judgment but it was paid on his behalf by an insurance company, he is not the real party in interest, and has no right to make this motion for contribution. As the judgment was paid on behalf of Grozalsky, he should have his right over against the other defendants. There can be no doubt that he would have such right if he had paid the money himself and in fact and effect this is what happened. The insurance company may be entitled to whatever sum Grozalsky recovers from the appellant, but that should not deprive him of his right to contribution.

The judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN, J., dissents; HUBBS, J., taking no part.

Judgment affirmed.