STANTON S. McCREADY, Respondent, v. THE KNICKERBOCKER ICE Co., INC., and THE KNICKERBOCKER LAUNDRY Co., INC., Appellants.— Action to recover damages for personal injuries, sustained while on duty, by a member of the New York City Fire Department, by reason of the alleged negligence of defendants, resulting in the escape of chlorine gas, kept on certain industrial premises without a permit. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

LeRoy G. NELSON, Appellant, v. INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent.— In an action to recover disability benefits under an accident insurance policy, plaintiff appeals from an order denying his motion to strike out the separate and complete defense in defendant's amended answer. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

JANET W. NIRENSTEIN, Respondent, v. THE BOWERY SAVINGS BANK, and PERCY R. OSBORNE, Being the Tenant and/or Occupant of the Premises Involved Herein, Appellants.— Action for restitution of certain real property purchased by the defendant bank under a judgment of foreclosure and sale in which action it was the plaintiff and which judgment was subsequently reversed; and in which action the plaintiff Nirenstein, the defendant in the foreclosure action, ultimately prevailed. Appeal from order granting plaintiff's motion to strike out an affirmative defense in the amended answer in which it was alleged that the defendant bank was a purchaser in good faith and for value, and, therefore, that its title to the property was such that it could not be required to restore the same, and also granting plaintiff judgment on the pleadings, dismissed, without costs. Order granting reargument and, on reargument, adhering to the prior determination, in so far as appealed from, affirmed, with ten dollars costs and disbursements. A plaintiff in a foreclosure action who bids in the property on the sale under the judgment in that action is not a purchaser in good faith and for value within section 587 of the Civil Practice Act, when the question is precipitated in an action for restitution by the defendant in the foreclosure action, following the reversal of the judgment in that action, and while the plaintiff in the foreclosure action still holds the title to the property involved. (*Marlee, Inc.*, v. *Bittar*, 257 N. Y. 240; *Murray* v. *Berdell*, 98 id. 480, 485.) The title of such a plaintiff is good even though obtained while an appeal from the judgment of foreclosure and sale is pending because no stay thereof was obtained, when the question is inquired into prior to the reversal of the judgment of foreclosure and sale, or concerns a *bona fide* conveyance by such a plaintiff during that period. That, however, is not the situation herein. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

THOMAS O'ROURKE, as Administrator, etc., of THOMAS J. O'ROURKE, Deceased, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Action to recover damages for death of plaintiff's intestate as the result of being struck by defendant's trolley car. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.