SECURITY MUTUAL CASUALTY COMPANY, Appellant, v. AMERICAN ICE COMPANY, INC., Respondent.—Action to enforce contribution under section 211-a of the Civil Practice Act, on the theory that the predecessors in interest of plaintiff and defendant were joint tort-feasors and equally responsible for a wrong which resulted in judgments that plaintiff, as insurer, ultimately paid. Plaintiff sues under its right of subrogation. Order denying plaintiff's motion for summary judgment, insofar as appealed from, affirmed, without costs. The record of the

trial of the prior actions—*Gernhardt* v. *Knickerbocker Ice Co., Inc.* (259 App. Div. 735, affd. 284 N. Y. 765), and *McCready* v. *Knickerbocker Ice Co., Inc.* (259 App. Div. 737, affd. 284 N. Y. 765 — which resulted in the judgments on which this action is founded, shows that while the pleadings formally charged the ice company with the same acts of negligence as the laundry company, nevertheless the proof established, without contradiction, that the ice company in no way participated in the wrongful act which caused the accident. On the contrary, the proof showed that it was the laundry company which stored and maintained the gas without the required permit; that the gas was stored for the exclusive use of the laundry company; and that it was maintained on a part of the premises which was owned and occupied by the laundry company. The local city ordinance (now Administrative Code of the City of New York, § C19-95.0; L. 1937, ch. 929) imposes no duty upon any person other than the one who stored the gas. Under such circumstances, the laundry company is the primary, if not the sole, wrongdoer and hence, it cannot, through plaintiff, enforce contribution or indemnity from the ice company's successor. (Cf. *Employers' Liability A. Corp.* v. *Post & McCord*, 286 N. Y. 254; *Bonadonna* v. *City of Buffalo*, 156 Misc. 225; *Phoenix Bridge Co.* v. *Creem*, 102 App. Div. 354, affd. 185 N. Y. 580; *Dunn* v. *Uvalde Asphalt Paving Co.*, 175 N. Y. 214; *Scott* v. *Curtis*, 195 N. Y. 424, 428; *Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145.) Close, P. J., Hagarty, Johnston, Adel and Aldrich, JJ., concur.