Joseph A. Gavagan, J.
This is a motion by certain defendants who, having fully paid the judgment obtained by the plaintiff in this action, seek contribution from the other defendants pursuant to section 211-a of the Civil Practice Act. The moving parties are the seven individual defendants and one of the three corporate defendants.
The action was brought to recover for property damage sustained as a result of the collapse and fall of a chimney onto plaintiff’s property during the course of demolition work on the adjoining premises. The seven individual defendants owned the adjoining premises and one of them was the president of the other movant, the corporate defendant which acted as general contractor of the demolition work. Pursuant to contracts with the general contractor, the second corporate defendant carried on the demolition work and the third corporate defendant excavated the land and removed the debris.
All parties agree that, for the purpose of this motion, the individual defendants are to be considered as a unit.
*837 The moving defendants — the seven individual owners and the general contractor — contend that the circumstances of the case require that they be considered as one unit and that each of the subcontractors should be considered as a separate unit. The subcontractors argue that, to compute their proportionate share, the judgment should be divided into four parts: one part for each corporate defendant and one part allocable to the individual defendants. Simply stated the issue is whether, for the purpose of contribution, the judgment is divisible into three or four parts.
It is well settled that the arithmetical method of dividing the amount of the judgment by the number of persons against whom it has been obtained will not be followed where the result is substantially inequitable (Wold v. Grozalsky, 277 N. Y. 364, 367; Martindale v. Griffin, 233 App. Div. 510, affd. 259 N. Y. 530). In the case at bar the subcontractors concede the wisdom of the rule by consenting to treat the seven individual defendants as a single entity.
It appears that the role of the individual defendants as owners of the premises was passive. The active wrongdoers were the general contractor and the two subcontractors. It further appears that the individual defendants and their agent, the general contractor, committed only one wrong against the plaintiff. Thus, the liability of the moving defendants is “ a consolidated or unified one under section 211-a of the Civil Practice Act ” (Benjamin v. Faro, 1 A D 2d 948).
The motion is accordingly granted and the defendants, John J. Abramsen Co., Inc., and D ’Aquilla Brothers Contracting Co., Inc., are each liable for one third of the judgment paid to the plaintiff by the moving defendants. Settle order.