Michael Catalano, J.
This is a motion for an order pursuant to section 211-a of the Civil Practice Act, directing entry of judgment for defendants, Ian McPherson, Carroll W. McPherson and Elizabeth B. McPherson (herein jointly referred to as “ the McPhersons ”) against defendant, William Brainard (herein referred to as “Brainard”) in the sum of $8,948.16, constituting one half of the judgment consisting of $12,500 for the infant, $5,000 for his father and $396.31 costs, obtained against all defendants.
The moving papers show that the infant plaintiff sued all defendants to recover damages for personal injuries because defendant, Ian McPherson (herein individually referred to as “ infant defendant ”) on August 21,1956, negligently discharged a blank cartridge causing injury to and removal of infant plaintiff’s left eye; that the defendants, Carroll W. McPherson and Elizabeth B. McPherson, father and mother respectively of infant defendant (herein jointly referred to as “defendant *1073 parents”), were negligent in having knowledge of or in the exercise of reasonable care failing to have knowledge of infant defendant’s negligence and failing to restrain him; that Brainard, contrary to sections 1894-a and 1896 of the Penal Law, sold the blank cartridge to the infant defendant; that after a trial of the issues, verdicts were rendered, in favor of the infant plaintiff against all defendants for $12,500, in favor of infant plaintiff’s father, C. Neale Oliver, against all defendants for $5,000; that one judgment was rendered accordingly, including costs of $396.31; that the McPhersons demanded that Brainard pay his prorata share of this judgment; that the McPhersons paid the entire amount of $17,896.31; that the prorata share of Brainard is one half of this amount or $8,948.16.
The answering affidavit for Brainard admits that these facts are “ substantially correct.”
Section 211-a of the Civil Practice Act, entitled, 1 ‘ Action by one joint tort-feasor against another,” provides: “Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment; provided, however, that no defendant shall be compelled to' pay to any other such defendant an amount greater than his pro rata share of the entire judgment. Such recovery may be had in a separate action; or where the parties have appeared in the original action, a judgment may be entered by one such defendant against the other by motion on notice. ’ ’ (L. 1928, ch. 714.)
Where the plaintiff is injured as the result of passive negligence on the part of the owners of adjoining buildings, one of which is owned individually and the other by two .owners, section 211-a of the Civil Practice Act requires a contribution by the individual owner to one of the joint owners who has paid the judgment of one half and not one third of the judgment, otherwise the result would be substantially inequitable. (Wold v. Grozalsky, 277 N. Y. 364, 365, 368.) This rule has been extended to a case where seven individual defendants as owners and a general contractor acting as their agent were considered one entity for the purpose of contribution, where the active wrongdoers were the general contractor and two subcontractors. (Marymount Coll. v. Abramsen Co., 6 Misc 2d 836, 837.) Where the plaintiff is injured as a result of a two-ear collision, a *1074 judgment against the two actively negligent drivers and the absentee owner of one car shall be apportioned so that the liability of the operator and said owner of one car shall be consolidated into one one-half share and the other operator shall pay the other one-half share, whether the owner is liable under the doctrine of respondeat stiperior, or by virtue of section 59 of the Vehicle and Traffic Law. (Martindale v. Griffin, 233 App. Div. 510, affd. 259 N. Y. 530.)
The test to be applied is strictly one as it affects the defendants inter sese, thus, indemnification is allowed in favor of the constructive, vicarious tort-feasor against the actual, personal tort-feasor (Kinsey v. Spencer & Son Corp., 165 Misc. 143, affd. 225 App. Div, 995, affd. 281 N. Y. 601); also, against the primary, sole wrongdoer (Security Mut. Cas. Co. v. American Ice Co., 268 App. Div. 924); and where the parties are not in pari delicto in that the act of one of the tort-feasors is the primary and efficient cause of the injury while the fault of the other is not in participation in the same act, but in a failure to discover and remedy the result of the act. (Iroquois Gas Corp. v. International Ry. Co., 240 App. Div. 432, 433; see, also, Pally v. Woolworth & Co., 194 Misc. 211, 212.)
Here, the negligence of the infant defendant was active, actual, personal, primary and efficient in that he exploded the cartridge; the negligence of Brainard was active, actual, personal, primary and efficient in illegally selling the same to the infant defendant; the negligence of the infant defendant’s parents was passive, constructive, vicarious and nonparticipating in the act, but merely a failure to discover and remedy the act as parents of the infant defendant. Under such circumstances the negligence of the infant defendant and defendant parents should be considered one entity for the purpose of contribution, otherwise the result would be substantially inequitable.
Therefore, the motion is granted, without costs. Prepare and submit judgment accordingly.