Van Voobhis, J.
Plaintiff, while a passenger in a car operated by defendant Minkiewicz, was injured when the Minkiewicz ear collided with an automobile operated by defendant Adamson in the course of the business of General Electric Company. He sued Minkiewicz, Adamson and General Electric and was awarded judgment in the amount of $70,000 after a jury trial. Fifty thousand dollars was paid on behalf of Adamson, $10,000 on behalf of Minkiewicz and $10,000 on behalf of General Electric. Defendant Adamson, pursuant to section 211-a of the Civil Practice Act providing for contribution between joint tortfeasors, moved for judgment over against defendant Minkiewicz in the amount of $20,000, i.e., one half of the $40,000 he paid over *499 and above the amount paid by Minkiewicz.* Adamson and Minkiewicz were insured by the same carrier for different limits. Adamson had $50,000 coverage and Minkiewicz had $10,000 coverage.
Special Term held that the true party in interest is the insurer of both of said defendants, that the insurer was liable on the Adamson policy for $50,000 and may not abate its liability because it covered another in a lesser amount, that such result is consistent with section 211-a since that section envisages one of two different persons paying all or a greater part of a joint judgment while here the same person, viz., the insurance carrier, is liable for and paying on behalf of both defendants, and the Appellate Division affirmed without opinion.
Section 211-a of the Civil Practice Act provides that ‘ ‘ Each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment ”.
Although the fact that the same insurance carrier indemnified both Adamson and Minkiewicz introduces a unique factor into this case, it cannot prevent the operation, of section 211-a. In the theory of the law, liability insurance protecting an automobile or its driver or owner does not change the nature or extent of the rights and liabilities of the parties. Unless the structure of automobile negligence law and the attendant insurance coverages are materially altered, the liability of respondent Minkiewicz to appellant Adamson is not changed by the circumstance that they happened to be covered by the same liability insurance company.
No point is made by respondent Minkiewicz concerning the amount of contribution payable by him to Adamson under section 211-a of the Civil Practice Act, if he be obliged to contribute anything. Two automobiles were involved in this accident, and a third defendant besides the drivers was joined in the principal action in whose service one of the automobiles was being driven. It is settled that under such circumstances there are but two active participants in the wrong, for the purposes of section 211-a of the Civil Practice Act. “A master is liable for the- tort of his servant, while engaged in the scope of his employment, upon the theory that one who does an act by another does it *500 himself. But in such a case, although both may be liable to the injured party, there is but a single wrong ” (Martindale v. Griffin, 233 App. Div. 510, 513 [Edgcomb, J.], affd. 259 N. Y. 530). The Martindale case held that under the circumstances here presented the “ pro rata share” required to be paid under section 211-a is to be computed by dividing the excess payment on the judgment into two parts, not three, according to the number of active participants in the wrong. This was explained in Wold v. Grozalsky (277 N. Y. 364, 367) in the following language: ‘‘ He recovered judgment against the driver, who was also the owner of one of the automobiles, and against both the driver and the owner of the other automobile. Nevertheless, the driver-owner who had paid the judgment was permitted a contribution of only fifty per cent against both the driver and the owner of the other car.” To the same effect is Benjamin v. Faro (1 A D 2d 948).
The judgment appealed from should be reversed, with costs in all courts, and the motion of appellant for judgment over against Minldewicz granted, in the amount of $20,000.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Foster and Soileppi concur.'
Judgment reversed and matter remitted to Special Term for further proceedings in accordance with the opinion herein, with costs in all courts.

 General Electric Company has not joined in this application.