■    CECIL O. LYONS, Plaintiff, v. ERNEST R. PROVENCIAL et al., Respondents, and BROADWAY MAINTENANCE CORPORATION, Appellant, et al. Defendant. EMMA GOLDEN, as Administratrix of the Estate of FRANK GOLDEN, Deceased, Plaintiff, v. ERNEST R. PROVENCIAL et al., Respondents, and BROADWAY MAINTENANCE CORPORATION, Appellant, et al., Defendant.— Order, entered on October 29, 1963, unanimously reversed on the law, with $20 costs and disbursements to appellant and the motion denied, with $10 costs. Implicit in the verdict of the jury was a finding that the injuries inflicted upon plaintiffs were caused by two wrongful acts — first, the negligence of defendant, Colucco, in operating the vehicle owned by defendant, Provencial, and second, the joint negligence of the defendants, Broadway Maintenance Corporation and the City of New York in failing to correct a defective traffic light at a street intersection. There was no proof that either of the latter two defendants had actual notice of the defective condition of the traffic light. The individual defendants paid one half of the judgment and the other one half was paid by Broadway Maintenance Corporation by virtue of a recovery over by the city in a third-party action. We find no merit to the claim of the individual defendants in this proceeding for contribution (Civ. Prac. Act, § 211-a, now CPLR 1401) that they should pay only one third of the judgment and Broadway Maintenance Corporation two thirds thereof. The plaintiffs upon the trial were the beneficiaries of certain provisions of a contract between the city and Broadway Maintenance Corporation (*Coley* v. *Cohen*, 289 N. Y. 365; 4 Corbin, Contracts, p. 202) which resulted in certain variations in the charge of the trial court as to the respective liabilities of the corporate defendants. This in no way alters the conclusion that the liability of the individual defendants is a consolidated one (*Martindale* v. *Griffin*, 233 App. Div. 510, affd. 259 N. Y. 530) and similarly the liability of the corporate defendants for a single wrongful act should be considered a consolidated one to produce a result that is substantially equitable (*Wold* v. *Grozalsky*, 277 N. Y. 364, 367). Concur — Botein, P. J., McNally, Stevens, Eager and Bastow, JJ.