392

Lillian Bundy, Respondent, *v.* City of New York, et al., Respondents; Slattery Contracting Company, Inc., Appellant, et al., Defendants.

Consolidated Edison Company of New York, Inc., Third-Party Plaintiff-Respondent, *v.* W. J. Fitzgerald Paving Company, Inc., Third-Party Defendant-Respondent.

First Department, July 6, 1965.

*Russell B. Greaves* of counsel (*John J. Bradbury* with him on the brief; *George J. Conway,* attorney), for Slattery Contracting Company, Inc., appellant.

*Harry H. Lipsig* for Lillian Bundy, respondent.

*Joseph D. Ahearn* of counsel (*John M. Keegan,* attorney), for respondent and third-party plaintiff-respondent.

*Stuart Riedel* for Lester T. Doyle, respondent.

*David T. Walsh* for third-party defendant-respondent.

STEUER, J. At the trial of this action all parties stipulated that plaintiff's injuries were reasonably compensable at $15,000. The accident occurred when plaintiff got off a bus operated by Surface Transportation Corporation (herein Surface, though the defendant is Lester T. Doyle, its trustee in reorganization). On alighting she was caused to fall by an obstruction in the roadway. The obstruction was due to an excavation made by defendant Consolidated Edison Company (Con Ed) pursuant to a permit from the defendant City of New York. The actual work on the excavation was done by defendant Slattery Contracting Company (Slattery). Plaintiff sued all four of these parties. Defendant city cross-complained against Con Ed. Con Ed cross-claimed against Slattery. Con Ed also brought a third-party action against W. J. Fitzgerald Paving Company (Fitzgerald) which company had undertaken to pave the place but had failed to do so.

Plaintiff recovered against the four defendants she sued. The city recovered on its cross claim against Con Ed. Con Ed recovered on its cross claim against Slattery, and also on its third-party complaint against Fitzgerald. Judgment was entered against each of the four defendants for one fourth of $15,000, or $3,750, with one quarter of the interest and costs. There is no dispute about the items of interest and costs and the amounts will hereinafter be referred to without reference

to those items.  Appropriate entries were made on the cross complaints.  On appeal all of these dispositions were affirmed except that the judgment was corrected to provide that plaintiff's recovery was in the full amount of $15,000 against all defendants sued rather than one fourth against each (18 A D 2d 799, affd. without opn. 13 N Y 2d 1181).

Surface promptly paid one fourth ($3,750) to plaintiff.  None of the other defendants paid anything due to a dispute as to what each was liable for.  Plaintiff issued an execution against Slattery and upon levy Slattery paid the balance of the judgment ($11,250, or 75%).  Slattery then moved against Surface, Con Ed and Fitzgerald for leave to enter judgments pursuant to CPLR 1401.  Special Term denied the application.

As to Con Ed, Slattery concedes that it is not entitled to enter any judgment.  However, it does claim that Con Ed is a proper, and perhaps a necessary, party for reasons to be discussed shortly.

As to Fitzgerald, Slattery contends that as Con Ed has recovered over against both Fitzgerald and itself, Fitzgerald should contribute one half of Con Ed's liability.  As will be seen, this amount will depend on what portion of the judgment Con Ed is responsible for, and would represent the total of Con Ed's and the city's liability.  If all defendants sued by the plaintiff are chargeable in the same amount, this would be 50%, or $7,500.  If Surface's proper proportion (as discussed below) is 50% rather than 25%, this would amount to one third, or $5,000.  Slattery claims it is entitled to enter judgment against Fitzgerald for one half of whichever of these sums is found applicable.

However, we believe that Slattery has no right to contribution from Fitzgerald for any amount.  CPLR 1401 provides that " Where a money judgment has been recovered jointly against defendants in an action for a personal injury  *  *  * each defendant who has paid more than his pro rata share shall be entitled to contribution from the other defendants with respect to the excess paid over and above his pro rata share ".  The recovery referred to is the recovery by the plaintiff.  " The two or more defendants must be parties to the action at the suit of the plaintiff and a money judgment must have been recovered jointly against them " (*Fox* v. *Western New York Motor Lines*, 257 N. Y. 305, 308).  It was said of the predecessor section (Civ. Prac. Act, § 211-a), which provides for the identical remedy:  " The Civil Practice Act (§ 211-a) in furnishing to one joint tort feasor a remedy for the recovery of contribution from the other, expressly confines the remedy to cases where

a money judgment has proceeded against both " (*Price* v. *Ryan*, 255 N. Y. 16, 18). Recognizing the force of this contention, Slattery contends that it is not proceeding directly against Fitzgerald, but against it as an indemnitor of Con Ed. And it is for this reason that it joined Con Ed in its application for relief. The difficulty is not overcome. As Slattery is not entitled to contribution from Con Ed, it would not be entitled to contribution from one whose sole duty is to that defendant. We consequently agree that as to Fitzgerald the motion was decided correctly.

The basis of the claim against Surface is that where the damage to the plaintiff arises from two entirely distinct acts or conditions, the perpetrators of each act as among themselves are each responsible for half the damage. And in this connection if the performance of one act or the creation of one condition is the result of the participation of two or more defendants, they are only liable for their prorata share of the half.

Clearly a purely arithmetical calculation of dividing the total of recovery by the number of defendants found liable is not the proper method for determining the prorata share of each defendant (*Wold* v. *Grozalsky*, 277 N. Y. 364, 366–367). While Surface does not contest this, it claims that the instances in which contribution is to be made on a basis other than equal payments by each defendant should be confined to the cases where the liability of one defendant is derivative from his relationship with another — as where, in a two-car collision, the defendants are the driver of one car and the owner and driver of the other. Surface points out, correctly, that this was the situation in the case where the distinction was originally made (*Martindale* v. *Griffin*, 233 App. Div. 510, affd. 259 N. Y. 530). However, the rule was not stated to be confined to such situations. Rather, it was the nature of the association of the defendants in the negligent acts that governs. And it was applied where the liability was not derivative (*Lyons* v. *Provencial*, 20 A D 2d 875). Lastly, Surface contends that the liability of the other defendants stems from different theories — the city from its duty to maintain the streets, Con Ed from the nondelegable duty of a licensee, and Slattery for the negligent performance of the excavation. The different theories are not significant. There was only one condition created that was one of the two causes of the accident. The fact that responsibility for that condition may attach to the separate defendants as a result of different legal theories does not change this. Two sets of circumstances combined to cause the accident: the

creation of a condition in the highway — for which three defendants have been found responsible — and putting the plaintiff in a situation of danger — for which one is responsible. The three are responsible for one half the damages, the other for one half. Slattery is consequently entitled to a contribution from Surface for the amount it has paid for which Surface, as between them, would be responsible. This amount is 25%, arrived at by deducting from Surface's 50% liability the 25% it has already paid.

The order should be modified on the law by allowing defendant Slattery Contracting Company to enter judgment against Lester T. Doyle as trustee for Surface Transportation Corporation of New York for 25% of the total judgment in favor of the plaintiff, including interest and costs thereof; and, as so modified, the order should be affirmed, without costs.

EAGER, J. (dissenting). The determination of the majority disregards the plain terms of CPLR 1401 and the proper effect of the adjudications which are binding upon the parties.

The judgment herein in favor of the plaintiff was rendered against the four defendants jointly. Under the general rule, the amount of the judgment is to be "divided by the number of defendants against whom it is recovered". (2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1401.07.) Therefore, except as equitable considerations or as determinations on cross or third-party claims may justify a different result, the City, Consolidated Edison, Surface and Slattery should each pay one fourth of plaintiff's recovery; and the defendant Slattery, which "has paid more than [its] pro rata share", to wit, one fourth, would ordinarily be entitled to contribution from the other defendants with respect to the excess paid over and above its "pro rata share". (CPLR 1401.)

This is not a case where (1) the liability of one or more of the defendants was derived from and depends upon the liability of another; (2) where two or more of the defendants were "united in interest"; or (3) where the liability of two or more defendants was "consolidated or unified". (See *Wold* v. *Grozalsky,* 277 N. Y. 364, 366–367; *Martindale* v. *Griffin,* 233 App. Div. 510, affd. 259 N. Y. 530; *Lyons* v. *Provencial,* 20 A D 2d 875; *Benjamin* v. *Faro,* 1 A D 2d 948; *Oliver* v. *McPherson,* 24 Misc 2d 1072; *Marymount Coll.* v. *Abramsen Co.,* 6 Misc 2d 836.) All of the defendants here were found liable to plaintiff for separate and independent acts or omissions of negligence jointly contributing to the plaintiff's injuries. So, prima facie, on the basis of the judgment jointly against the four defendants,

the City, Surface, Con Edison and Slattery, are as between themselves, each liable to pay one fourth (4/16ths) of the amount of plaintiff's recovery.

The City, however, has recovered judgment on its cross claim against Con Edison and Slattery. Therefore, by virtue of the terms of such judgment, the City is relieved from liability for contribution to Slattery; and responsibility for its share of the recovery is shifted to Con Edison and Slattery. So, because of City's recovery over against Con Edison and Slattery, it would follow that each of the latter would be liable for 6/16ths of plaintiff's judgment, with Surface liable for one fourth (4/16ths) thereof. Con Edison, however, has recovered judgment on its cross claim against Slattery and on its third-party complaint against Fitzgerald. This imposes upon Slattery and Fitzgerald the obligation to assume Con Edison's responsibility, as aforesaid, namely, to pay 6/16ths of plaintiff's recovery. Thus, Fitzgerald should pay 3/16ths of plaintiff's recovery and Slattery should be held liable to pay 3/16ths thereof in addition to the 6/16ths for which it is liable, as aforesaid. The result is that plaintiff's recovery should be apportioned between Surface, Slattery and Fitzgerald, as follows: Surface to pay 4/16ths, Slattery to pay 9/16ths, and Fitzgerald to pay 3/16ths. Since Surface has already paid one fourth (4/16ths) of the amount due plaintiff, and Slattery has paid the remaining three fourths (12/16ths), Slattery is entitled to contribution from Fitzgerald for 3/16ths of the plaintiff's judgment.

It is not necessary to consider independently the alignment or relationship of the parties or the equities as between them because here the terms of the judgments have in effect definitely and conclusively fixed the basis for their ultimate liability to pay plaintiff's recovery.

The majority would absolve Fitzgerald from responsibility for any contribution toward the payment of plaintiff's judgment. This, however, disregards and nullifies the adjudication of the trial court that Fitzgerald, jointly with Slattery, shall pay the sum which Con Edison is bound to pay under plaintiff's judgment. Such adjudication constitutes a final determination settling the responsibility as between Slattery and Fitzgerald to satisfy Con Edison's obligation under plaintiff's judgment. Under *res judicata* principles, Fitzgerald should be and is estopped from denying its liability to pay the 3/16ths of plaintiff's recovery. Furthermore, if equitable considerations are to prevail, then, certainly, Fitzgerald should not be relieved from liability where there is a final determination that it has an obligation to pay 3/16ths of plaintiff's recovery.

McNALLY and STALEY, JJ., concur with STEUER, J.; EAGER, J., dissents in opinion in which RABIN, J. P., concurs.

Order entered on December 1, 1964 modified, on the law, by allowing defendant Slattery Contracting Company to enter judgment against Lester T. Doyle as trustee for Surface Transportation Corporation of New York for 25% of the total judgment in favor of the plaintiff, including interest and costs thereof; and, as so modified, the order is affirmed, without costs and without disbursements. Settle order on notice.