[Civ. No. 25768. First Dist., Div. Four. Feb. 16, 1970.]

LOUIS RAMIREZ, Plaintiff, v.
REDEVELOPMENT AGENCY OF THE CITY AND COUNTY
OF SAN FRANCISCO et al., Defendants and Respondents;
COLUMBIA ELEVATOR COMPANY, Defendant and Appellant.

398

## COUNSEL

George A. Weinkauf for Defendant and Appellant.

Maloney, Chase, Fisher & Hurst and Lorin Castleman for Defendants and Respondents.

No appearance for Plaintiff and Respondent.

## OPINION

**DEVINE, P. J.**—Plaintiff, Louis Ramirez, was injured by a fall caused, he alleged in his pleading, while he was alighting from an elevator which had been stopped below a floor level. Negligence was charged against Columbia Elevator Company, appellant, which had a maintenance contract on the elevator, and against The Redevelopment Agency of the City and County of San Francisco, owner of the property, and the administrators of the estate of Paul L. Marty, lessee. At the time of the accident, Marty had held a lease on the property, a hotel. Judgment went for plaintiff on the verdict of a jury, in the amount of $15,000. One half of the judgment, plus interest and costs, a total of $7,832.75, was paid by appellant, Columbia Elevator Company; the other half was paid by respondents, the owner and lessee respectively. Satisfactions of judgment were executed on August 26, 1966.

On December 15, 1967, appellant filed a motion, pursuant to Code of Civil Procedure section 878, which provides that a judgment of contribution among joint tortfeasors may be entered by one tortfeasor judgment debtor against other tortfeasor judgment debtors by motion, upon notice. Section 875 of the Code of Civil Procedure provides for contribution among joint tortfeasors where a money judgment has been rendered against two or more defendants; and section 876 provides that the pro-rata share of each tortfeasor judgment debtor shall be determined by dividing the entire judgment equally among them all. The motion was denied, and this appeal followed.

Respondents resisted the motion on two grounds: first, that the position of the owner and of the lessee, as opposed to the plaintiff's charges, was a single one—and that the liability, which the jury decided did exist, was single; and second, that appellant's claim is barred by laches.

Appellant contends that there are three separate liabilities; that appellant has borne the burden of one half instead of a proper one third of the total and is entitled to reimbursement; and that although its motion was made more than a year after payment, there is no bar of laches because no harm resulted from the delay.

■ The liability of an owner who controls the property is, in respect of the maintenance of elevators, nondelegable. (*Brown* v. *George Pepperdine Foundation*, 23 Cal.2d 256, 259 [143 P.2d 929].) ■ The owner may be liable in certain cases even though the premises have been leased, as when the use of the premises is to be public (*Finnegan* v. *Royal Realty Co.*, 35 Cal.2d 409 [218 P.2d 17]; *Goodman* v. *Harris*, 40 Cal.2d 254 [253 P.2d 447], and cases collected in 17 A.L.R.3d 878 et seq.), or when the owner violates law, or knowingly permits his tenant to do so, in construction or alteration of the premises (*Longway* v. *McCall*, 181 Cal.App.2d 723

[5 Cal.Rptr. 818]). The second of these probably was not an issue in our case, because the instructions to the jury say nothing about it.

But when the rule of nondelegability operates it does so for the protection of third persons, as plaintiff herein. It does not follow that the relationship between the active tortfeasor and those who are otherwise held is an equal one. The dominant rule in the matter of contribution is expressed in section 875, subdivision (b) of the Code of Civil Procedure, which provides that the right to contribution "shall be administered in accordance with the principles of equity."

There is an essential fairness in applying the rule of unity of liability of owner and lessee instead of splitting it for the benefit of the servicing agency. The latter must have been primarily negligent under the circumstances, else the jury (whose verdict was approved by the judge on motion for new trial) could not have held the elevator company liable. On the other hand, the jury could find the owner responsible although it had been guilty of only negligence by reason of nondelegability of responsibility, and for which the owner is held for the protection of innocent third parties. The active participant should not be entitled to count on the enlarged contribution proposed by appellant. Indeed, under appellant's theory, it is conceivable that under circumstances of subleasing, more than two others would be deemed obliged to contribute.

In *Wold* v. *Grozalsky,* 277 N.Y. 364 [14 N.E.2d 437] contribution was allowed only as to one half where injury had resulted to a third party by the fall of a flower pot from a common party wall, where the party seeking contribution of two thirds owned one of the buildings and two persons owned each a half interest in the other building, because to allow a mere arithmetical computation would be inequitable. In *McCabe* v. *Century Theatres, Inc.,* 25 App.Div.2d 154 [268 N.Y.S.2d 48] there was a situation rather comparable to the case before us. A subtenant was actively negligent in leaving cellar doors in a sidewalk open. The original lessee and the owner were responsible because of their failure to take proper care of the sidewalk opening and to make reasonable inspections. From the nature of the duties of the respective parties, the burden of loss, it was held, must fall one half on the prime actor, the subtenant, and the other half on the original lessee and on the owner. (Although original lessee and owner were in turn owned by the same corporation, this was but another reason for the court's holding. We note that the court accepted as another reason the fact that the two were represented by the same counsel at trial. This was so in our case, but we do not regard this as a particularly important fact.)

In all of the above, we have referred to appellant's negligence as active. Conceivably, the owner could have participated in active negligence.

But if so, it was the duty of appellant to show this on the hearing of the motion. The whole record of the trial was not put before the judge hearing the motion. ■ This brings up the subject of laches. Respondents argued before the hearing judge that had the motion been heard by the trial judge (who, since the trial and the motion for new trial, had retired), he would have known, without the preparation of a complete record, the nature of the contest and would have recognized that the lessee and the owner were considered by judge, jury and counsel as having a single responsibility. Only the pleadings and the instructions to the jury were presented at the hearing. The instructions to the jury indicate that the court at that time considered the liability of the owner and of the lessee to be a single one. There is nothing before us to show that the court's understanding did not comport with the evidence.

Whether respondents' point be that of laches or of mere failure to present a sufficient record, the point is good. ■ Appellant relies on the fact that Ramirez' complaint charges all three defendants with negligence, not specifying that one was agent or lessee of another; wherefore, the owner's liability was not a derivative, but an independent one. Plaintiff was not required to specify, at least in the absence of demurrer, and no demurrer appears in the clerk's transcript. ■ Besides, plaintiff's allegation that the building was a hotel would suffice to state that it was put to a public use; wherefore, the owner would be bound even if no active negligence by the owner were present. ■ Plaintiff chose simply to charge all of the defendants in general terms—even charging that all three "owned" the elevator, although appellant no doubt had no proprietary interest in it. The general allegations by plaintiff do not determine the interests of the defendants.

The order is affirmed.

Rattigan, J., and Christian, J., concurred.