JAMES J. MEAD, Respondent, v KAREN E. BLOOM et al., Appellants.

Fourth Department, July 11, 1983

APPEARANCES OF COUNSEL

*Miles, Cochrane, Grosse, Rossetti & Chelus, P. C.* (*Charles DiPasquale* and *Raymond T. Miles* of counsel), for Karen E. Bloom and another, appellants.

*Dixon & DeMarie, P. C.* (*Joseph DeMarie* of counsel), for Hallman-Adkins Chevrolet, appellant.

*Paul William Beltz, P. C.* for respondent.

OPINION OF THE COURT

BOOMER, J.

Where an employer, vicariously liable for the negligent act of his employee, settles with the injured party, any verdict against the employee will be reduced only by the amount of the settlement and not by the amount of the employer's "equitable share of the damages" as provided by section 15-108 of the General Obligations Law. This is so because "section 15-108 is meant to be read in conjunction with the contribution rights set forth in article 14 [of the CPLR]" and the rights between the employer and the employee rest not upon the principle of contribution, but of

indemnity (*Riviello v Waldron,* 47 NY2d 297, 306). In the case before us, the employer has settled with the injured plaintiff, but we are concerned not with the rights between the employer and employee, but with the rights of another tort-feasor whose separate act of negligence has contributed to plaintiff's injury. We must decide whether the verdict, as against that other tort-feasor, must be reduced by the equitable share of the settling employer.

Here, plaintiff, James Mead, was injured when the automobile he was driving was struck from behind by an automobile driven by Karen Bloom and owned by her father, Maurice Bloom. Plaintiff sued both of the Blooms and also Hallman-Adkins Chevrolet, Inc., MCA Distributing Corporation, and General Motors Corporation. Plaintiff alleged that the corporate defendants were responsible for his injuries because Hallman-Adkins negligently repaired the brakes on the Bloom automobile, General Motors manufactured and distributed the automobile with defective brakes, and the accident occurred while Karen Bloom was engaged in MCA's business.

Before trial, plaintiff settled his claim against General Motors for the sum of $12,500, and continued the action against the other defendants. Defendant Hallman-Adkins cross-claimed for contribution against the Blooms and MCA.

After completion of the trial and before the jury rendered its verdict, MCA settled with plaintiff and paid him the sum of $40,000. The jury then returned a verdict against the defendants, including MCA, in the amount of $500,000, and in apportioning liability, found the Blooms and MCA, as one unit, 75% at fault, and Hallman-Adkins, as one unit, 25% at fault. After the jury was discharged, the parties agreed that the verdict should be reduced by $12,500 (the amount paid by General Motors) to $487,500. Hallman-Adkins then moved to further reduce the verdict against it by an amount equal to MCA's "equitable share of the damages" as provided by section 15-108 of the General Obligations Law. The trial court, relying upon *Riviello v Waldron (supra),* denied Hallman-Adkins' motion and further reduced the verdict only by the amount of the $40,000 paid by MCA for its release. We disagree and we conclude

that the verdict as against Hallman-Adkins should be reduced by MCA's equitable share of the damages to plaintiff.

As stated in *Riviello v Waldron* (47 NY2d 297, 307, *supra*), section 15-108 of the General Obligations Law "should be read to harmonize with CPLR article 14". CPLR article 14 gives Hallman-Adkins a right of contribution against MCA even though MCA is only vicariously liable for the acts of Karen Bloom (see *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N.Y.*, 58 AD2d 397, 401, affd 45 NY2d 551; *Rivera v McCarthy*, 54 AD2d 757). Subdivision (b) of section 15-108 of the General Obligations Law provides that a release given by the injured party to one of several tort-feasors "relieves him from liability to any other person for contribution". And subdivision (a) of that section affords relief to the person who loses his right to contribution by providing that the injured party's claim against the nonreleased tort-feasor shall be reduced by the releasee's equitable share of the damages where that share exceeds the amount stipulated by the release and the amount paid for it. Thus, by operation of the statute, since plaintiff has released MCA and has thereby deprived Hallman-Adkins of its right to contribution from MCA, plaintiff's claim against Hallman-Adkins must be reduced by MCA's "equitable share of the damages".

What is MCA's equitable share of plaintiff's damages? Here, the jury found that the equitable share of the Blooms and MCA, as a unit, is 75%. It was proper to treat these parties as one unit for the purpose of contribution, since they were responsible for but a single wrong (*Zeglen v Minkiewicz*, 12 NY2d 497; *Estate of Canale v Binghamton Amusement Co.*, 45 AD2d 424, affd 37 NY2d 875; *McCabe v Century Theatres*, 25 AD2d 154, affd 18 NY2d 648; *Bundy v City of New York*, 23 AD2d 392; *Lyons v Provencial*, 20 AD2d 875, affd 15 NY2d 1006; *Benjamin v Faro*, 1 AD2d 948; *Martindale v Griffin*, 233 App Div 510, affd 259 NY 530; see, also, *Wold v Grozalsky*, 277 NY 364). Also, for the purpose of contribution, MCA and the Blooms "are jointly and severally liable for the portion of the judgment allocable to the entity they comprise" (*Benjamin v Faro*, 1 AD2d 948, *supra*). Except for the release, therefore, were Hallman-Adkins to pay plaintiff the full amount of the judg-

ment, MCA would be liable to Hallman-Adkins in contribution for 75% of the judgment. Since plaintiff, by releasing MCA, has deprived Hallman-Adkins of its right to contribution from MCA in the amount of 75% of the damages, it is appropriate that, under section 15-108, plaintiff's claim against Hallman-Adkins be reduced by 75%.

Accordingly, the judgment appealed from should be modified by reducing the recovery against Hallman-Adkins by 75% of $487,500 to the sum of $121,875, plus costs and disbursements.

DILLON, P. J., HANCOCK, JR., DOERR and MOULE, JJ., concur.

Judgment unanimously modified, and as modified, affirmed, with costs to plaintiff against defendants Karen and Maurice Bloom, in accordance with opinion by BOOMER, J.